# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA,      Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO. 2:18-cv-127-JEM |
| UNITED STATES STEEL CORPORATION,      Defendant. | ) ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on The Surfrider Foundation's Motion to Intervene [DE 12], and City of Chicago's Motion to Intervene [DE 13], both filed on September 13, 2018. Non-parties The Surfrider Foundation and the City of Chicago seek to intervene as plaintiffs in this action pursuant to Federal Rule of Civil Procedure 24. Plaintiffs the United States of America and the State of Indiana filed a joint response to the motions on September 27, 2018. Surfrider and the City each filed replies on October 4, 2018.

**I.    Background**

In January 2018, before this action was filed, Surfrider (an advocacy group) and the City separately sued U.S. Steel, alleging numerous violations of environmental law arising from the release of pollutants near Lake Michigan. In the instant action, the United States and the State of Indiana have sued U.S. Steel, alleging a narrower set of violations. The parties in this case have filed a proposed Consent Decree, intending to resolve the allegations in the complaint. Surfrider and the City seek to intervene as plaintiffs, arguing that their interests will not be adequately represented by the Plaintiffs in this action. Plaintiffs do not dispute that Surfrider and the City have the right to intervene, but make two requests: that the Court defer ruling on the instant Motions until after the

public comment review process for the proposed Consent Decree, and that if it does grant the Motions, that the Court should impose certain case management conditions on the intervenors.

**II:    Analysis**

Intervention of right is established under Federal Rule of Civil Procedure 24(a), which provides in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). In addition, the Clean Water Act provides for a "citizen" to intervene in a lawsuit brought by a State to enforce its provisions. 33 U.S.C. § 1365(b)(1)(B). Plaintiffs do not dispute that Surfrider and the City have the right to intervene, but seek to defer a ruling on the motion until the public comment review process for the Consent Decree has concluded.

Plaintiffs state that they are in the process of considering public comment, which could result in the modification or withdrawal of the proposed decree. Plaintiffs state that they have been communicating with Surfrider and the City, and that potential modifications to the decree, or written responses to public comment, may address their concerns, rendering their intervention moot. Plaintiffs argue that to permit the movants to intervene now "could unnecessarily complicate" the matter at a time when resources are being devoted to review of voluminous public comment.

Surfrider and the City argue that their right to intervention exists regardless of the status of the public comment process. If they do eventually challenge the proposed decree, they argue it would be more efficient for the objection to occur as early as possible, before the parties try to seek

judicial approval of the completed agreement. In addition, Surfrider argues that its interests in the matter will exist regardless of the content of the decree, including an interest in ensuring that all relevant evidence is before the Court and in ensuring execution and enforcement of the decree.

The Court agrees that Plaintiffs have not shown that the public comment process makes immediate intervention in this case moot or inefficient. Although Plaintiffs point to two unpublished decisions in which intervention was deferred for that reason, the weight of case law supports immediate intervention. *See*, *e.g.*, *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 986 (7th Cir. 2011) (reversing denial of motion to intervene where intervention "could not have produced a net delay" given the possibility of further litigation); *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (affirming grant of motion to intervene, citing "obvious benefits of intervention in general [of] efficiency and consistency"); *United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N. D. Cal. 2016) (granting motion to intervene during comment review period for consent decree); *United States v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 11 C 8859, 2012 WL 3260427, at *5 (N.D. Ill. Aug. 7, 2012) (same).

Plaintiffs also argue that if the Court permits intervention, the scope of intervention should be limited to (1) briefing in response to any motion to enforce the decree, and (2) the filing of an appeal if the decree were entered over the intervenors' objections. Plaintiffs argue that intervention without limits would bog down the litigation, particularly if the intervenors request discovery or an evidentiary hearing. Essentially, Plaintiffs seek to prevent the citizen intervenors from "commandeer[ing] the federal enforcement machinery." *Dubois v. Thomas*, 820 F.2d 943, 949 (8th Cir. 1987). Although courts have frequently imposed reasonable conditions on intervenors, see *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1396 (10th Cir. 2009) (listing cases), Plaintiffs'

3

request is premature, because Surfrider and the City have not yet sought discovery or an evidentiary hearing. If they do, and Plaintiffs object, those concerns will be heard to the extent supported by applicable rules and precedent. *See, e.g., Metro. Water Reclamation Dist.*, 2012 WL 3260427 at *5 (granting intervention in consent decree case, and holding that "[t]he Court need not decide the scope of intervention at this point"); *United States v. The Doe Run Res. Corp.*, No. 4:10CV01895 JCH, 2011 WL 251093, at *4 (E.D. Mo. Jan. 25, 2011) (declining to limit the scope of intervention in consent decree case where intervenor had "not yet asked for discovery and this Court has not had an opportunity to determine if additional discovery would be warranted").

**III:    Conclusion**

Accordingly, the Court hereby **GRANTS** The Surfrider Foundation's Motion to Intervene [DE 12], and City of Chicago's Motion to Intervene [DE 13], and **ORDERS** Surfrider and the City to file their Complaints in Intervention on or before **December 27, 2018**.

SO ORDERED this 13th day of December, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record