UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF INDIANA, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES STEEL <br> CORPORATION, <br>     Defendant. <br><br> THE SURFRIDERS FOUNDATION and <br> THE CITY OF CHICAGO, <br>     Intervenor Plaintiffs, <br><br> v. <br><br> UNITED STATES STEEL <br> CORPORATION, <br>     Intervenor Defendant. | CAUSE NO.: 2:18-CV-127-JD-JEM |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court on the Motion by Plaintiffs-Intervenors The Surfrider Foundation and the City of Chicago for Leave to File a Motion Under FRCP 54(D) (sic) for Fees and Costs [DE 118], filed October 7, 2022. Defendant United State Steel Corporation filed its response on October 21, 2022, and The Surfrider Foundation filed its reply on October 28, 2022.

On April 6, 2023, District Court Judge Jon E. DeGuilio entered an Order [DE 118] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

1

I.  **Background**

On April 2, 2018, Plaintiffs filed this action under the Clean Water Act. On December 13, 2018, the City of Chicago and the Surfrider Foundation's motions to intervene as plaintiffs were granted, and on December 27, 2018, they filed their Complaints in this action. On November 20, 2019, the United States moved for entry of a revised consent decree, which, after substantial briefing and objections by Surfrider and Chicago and various *amicus* briefs, was granted on August 30, 2021. Thereafter, on October 7, 2022, Surfrider and Chicago filed the instant motion for leave to file a petition for fees and costs pursuant to Federal Rules of Civil Procedure 54(d) and 6(b).

On January 17, 2018, prior to the filing of the instant suit, Surfrider filed a lawsuit against United States Steel Corporation alleging violations of the Clean Water Act, cause No. 2:18-CV-20-JD-APR, *The Surfrider Foundation v. United States Steel Corporation*, which on March 1, 2018 was consolidated with a lawsuit brought by Chicago against United States Steel Corporation alleging similar violations (the "Citizen Suit"). Surfrider and Chicago moved to consolidate this action into the Citizen Suit as well but the motion was denied on June 28, 2019. On September 22, 2022, the claims Surfrider and Chicago's asserted in the Citizen Suit were dismissed with prejudice, based in large part on the entry of the revised consent decree in this matter.

II. **Analysis**

Surfrider and Chicago argue that they are entitled to an award of attorneys' fees and costs as prevailing parties in this case. Federal Rule of Civil Procedure 54(d) creates a general presumption in favor of awarding costs to the prevailing party. *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014). Rule 54(d) provides: "Unless a federal statute, these rules, or a court

2

order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54-1 requires that "[t]o recover costs, a party must file and serve a completed AO Form 133 (available from the clerk or the court's website) within 14 days after final judgment is entered." N.D. Ind. L.R. 54-1(a).

U.S. Steel argues that Surfrider and Chicago are not prevailing parties and therefore not entitled to costs, and that the motion is untimely. Surfrider and Chicago argue that the Motion is not late since it was filed within fourteen days after entry of judgment in the Citizen Suit. In the alternative, they argue that their failure to file the motion within fourteen days of entry of judgment in this matter is excused by the fact that the Citizen Suit remained pending. Surfrider and Chicago argue that their right to Rule 54(d) litigation costs "became fixed only now that this Court has resolved the underlying claims in the interrelated claims in the interrelated cases in this complex litigation."

Surfrider and Chicago assert that only when the final judgment was entered in the Citizen Suit did they learn that they "could not pursue additional relief for their federal [Clean Water Act] claims" in that case, including any request for fees and costs pursuant to either Federal Rule of Civil Procedure Rule 54(d) or the Clean Water Act (33 U.S.C. § 1365(d)). Although the parties did not address the outcome in their briefs, it appears that Surfrider and Chicago were not the prevailing parties in the Citizen Suit and therefore are not entitled to litigation costs in that action. *The Surfrider Foundation v. United States Steel Corporation,* Cause No. 2:18-CV-20-JD-APR, September 22, 2022 Order. Instead, they seek leave in this case to move for the costs they incurred prior to the date the consent judgment was executed. They state that they will "tailor their request for fees and costs in [this case] to their specific contributions to this [case]."

3

Because the revised consent decree and amended clerk's entry of judgment were docketed in this case on September 2, 2021, any request for fees under Rule 54 should have been filed no later than September 17, 2021.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1); *see also Crue v Aiken*, 370 F.3d 668, 681 (7th Cir. 2004) (applying Rule 6 standard for extensions to Rule 54). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted). In particular, if the delay was not in good faith, an extension may be denied. *See Anderson v. LaSalle Steel Co.*, No. 2:07 CV 169, 2009 WL 857511, at *6 (N.D. Ind. Mar. 31, 2009) ("An attorney hanging his hat on excusable neglect must make a showing or argument convincing the court of his good faith failure to meet a deadline.") (citing *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003)). Additionally, Local Rule 6-1 requires that any motion for an extension of time must either state that there is no objection to the extension or describe the requesting party's efforts to get opposing attorneys to agree to the extension if there is an objection. N.D. Ind. L.R. 6-1.

In order to determine whether an extension is warranted, the Court must determine whether Surfrider and Chicago's filing of the instant motion is a product of excusable neglect. Whether any

neglect is excusable requires an analysis of prejudice to the non-moving party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Marquez*, 424 F.3d at 541.

"Neglect" is the failure to meet a deadline because of intervening circumstances beyond the party's control as well as inadvertence, mistake, or carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "A lawyer's errors are imputed to the client for the purposes of [excusable neglect]." *Ware v. Brown*, No. 2:15-CV-42-PRC, 2018 U.S. Dist. LEXIS 19946 *4 (N.D. Ind. Feb. 7, 2018) (quoting *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015)). U.S. Steel argues that because Surfrider and Chicago never mentioned the words "excusable neglect" they do not meet this prong, and that their decision of when to file was strategic rather than neglectful. Surfrider and Chicago argue that their interpretation of caselaw lead them to the conclusion that they could seek fees after the conclusion of the Citizen Suit, and that the Order denying their motion to consolidate their suits into this suit stated their "rights [would be] protected through their intervenor status." J. Rodovich Order June 28, 2019 *Surfrider Foundation v. United States Steel Corporation,* Cause No. 2:18-CV-20-JD-APR, p. 6.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect', it is a somewhat 'elastic concept.'" *Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp. 2d 726, 729 (W.D. Wisc. 2004) (quoting *Pioneer*, 507 U.S. at 392). Surfrider and Chicago argue, on the one hand, that their motion is not late because it was not due until the Citizen Suit was resolved (in effect, a tolling argument), and, on the other hand, that if it is late, their lateness is excusable because they believed it was not due until the Citizen Suit was

resolved.

Section 1365(d) of the Clean Water Act provides that

The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

33 U.S.C. §1365(d). Suits brought by non-governmental entities to enforce the Clean Water Act result in awards of fees to the non-governmental entities if they prevail. 33 U.S.C. § 1365(d). Clean Water Act suits involve non-governmental entities in many capacities, including as plaintiffs, as intervenors, as unsuccessful intervenors, and even when their suit parallels a governmental enforcement suit. *See Sierra Club v. Hamilton Cnty. Bd. Of Cnty Comm'rs*, 504 F.3d 634, 645 (6thCir. 2007) (awarding fees to entity which was both plaintiff in citizen suit and intervenor in enforcement suit); *Atl. States Legal Found., Inc. v. Eastman Kodak Co.*, 933 F.2d 124, 128 (2d Cir. 1991) (allowing citizens to seek fees because "the existence of the citizen suit was a motive for the polluter's settlement" in separate enforcement action); *U.S. E.P.A. v. City of Green Forest*, 921 F.2d 1394, 1402 (8thCir. 1990) (allowing citizen to seek an award of fees when intervention denied and denial of intervention "precluded the citizens from seeking their fees."); *NICCW v. AgriProcessors, Inc.*, 489 F. Supp. 2d 881 (N.D. Iowa, 2007) (finding fee award appropriate for environmental group that sued and also later joined government suit against polluter).

Surfrider and Chicago's preliminary argument, that any Rule 54(d) motion for litigation costs in this case was not due until after resolution of the Citizen Suit, is not supported by any caselaw. There are a number of cases in which Rule 54(d) litigation costs are awarded to successful citizen plaintiffs in Clean Water Act litigation, as noted above. However, no party cites to a case with a similar procedural history to this one, and the Court is unable to find one. Despite the lack

of precedent, Surfrider and Chicago should have been aware that their claims in the Citizen Suit would be barred by the doctrine of res judicata. As set forth in Judge Rodovich's Order dismissing the Citizen Suit, the claims raised in the Citizen Suit were raised in this action and addressed by the consent decree in this matter. Citizen suits are barred after resolution of governmental suits when the same issues are raised and resolved. *See Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 757-58 (7th Cir. 2004) (noting how the broad remedial terms of the stipulation (a consent decree equivalent) resulted in identity of the causes of action). The Seventh Circuit Court of Appeals has recognized that res judicata applies to a final judgment in the form of a consent decree to bar a citizen suit complaint. *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 556 F.3d 603, 616 (7th Cir. 2009); *see also United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044–45 (8th Cir. 1992) (noting that entry of a consent decree broadly precluded the claims in an Intervenor's separate citizen suit complaint).

To bolster their position that their Rule 54(d) petition was not due until the conclusion of the Citizen Suit, Surfrider and Chicago also seem to argue that the word "whenever" in Section 1365(d) means that the Court can entertain a motion for fees at any time; however, a reading of the entire sentence of that section makes that argument illogical. Statutes are to be interpreted by reading the statute as a whole and not a selective reading of individual words. *Estate of Moreland v. Deiter*, 576 F.3d 691, 695 (7th Cir. 2009). Section 1365(d) states: "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation . . .whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). Surfrider and Chicago ignore the first clause of the sentence: "in issuing any final order." In addition, their argument is unsupported and not fully developed: they merely repeat that this Court "may award costs of

7

litigation…*whenever* the court determines such award is appropriate." Mot. p. 3 [DE 115]; Rep. p. 7 [DE 117] (emphasis in briefs).

A motion for litigation fees under Rule 54(d) was due fourteen days after entry of the revised consent order in this case. If Surfrider and Chicago interpreted either caselaw or the Clean Water Act to provide otherwise, that was a mistake on their part. The Court must therefore determine whether Surfrider and Chicago's mistake would constitute an exception to the general rule that a mistake of law is not usually neglect. *Ardisam,* 343 F. Supp. at 729. Surfrider and Chicago argue that the specific procedural posture of this case dictates that the Court should find in their favor. They point to Judge Rodovich's Order denying consolidation of the Citizen Suit with this suit, specifically the statement that Surfrider and Chicago's "rights [would be] protected by their intervenor status." J. Rodovich June 29, 2019 Order *Surfrider Foundation v. United States Steel Corporation,* Cause No. 2:18-CV-20-JD-APR, p. 6. They also point to the plethora of cases awarding attorneys' fees to citizen plaintiffs in various iterations of party status. U.S. Steel argues that the timing decision was strategic, and not an error; however, it offers no analysis or facts to dispute Surfrider and Chicago's assertion as to their beliefs. The Court accepts as true Surfrider and Chicago's statements about what they understood the law to be.

In this unique situation, Surfrider and Chicago's mistake constitutes neglect. The issue then becomes whether that neglect is excusable, which requires an analysis of four factors: prejudice, impact, reasonableness and good faith. *Marquez*, 424 F.3d at 541.

Surfrider and Chicago argue that U.S. Steel will not be prejudiced because it should have expected a motion for litigation costs, since they had previously informed U.S. Steel that they would seek costs. When a party is warned that a motion seeking fees will be forthcoming, they do

not necessarily suffer prejudice when such a motion is filed late. *Golson-Dunlap v. Med-1 Sols., LLC*, No. 1:17-cv-00619-TWP-DML, 2019 U.S. Dist. LEXIS 27462 *7 (S.D. Ind. Feb. 21, 2019). U.S. Steel argues that the case cited by Surfrider and Chicago does not support a position that U.S. Steel will not be prejudiced. In *Golson-Dunlap*, the defendant against whom the fees were sought was the cause of delay, and that fact weighed against a finding of prejudice. *Id*. Surfrider and Chicago cite to various pleadings in which they indicated that they were requesting attorneys' fees as part of the relief sought, but none of those filings post-date the entry of the revised consent decree and therefore would not constitute notice that they would be filing their petition for fees more than fourteen days after entry of the revised consent decree in this case. Because Surfrider and Chicago took no action for well over a year to enforce their right to seek litigation costs in this case, the Court will impute prejudice to U.S. Steel.

Surfrider and Chicago argue that there are no adverse impacts on the proceedings because all judicial proceedings are concluded. U.S. Steel does not argue that there will be an adverse impact, and the Court does not see any adverse impact on the proceedings if a Rule 54(d) motion is allowed to be filed.

The underlying issue about which the parties disagree is whether the dismissal of the Citizen Suit triggered a right in this suit to file a Rule 54(d) motion, which, in addition to being an aspect of whether the delay was due to neglect, goes to both the factors of whether the delay was reasonable and whether this belated filing is in good faith. The Court finds that the error of Surfrider and Chicago was due to neglect, any delay resulting from that error was therefore reasonable, and their filing of a motion seeking leave to file a Rule 54(d) motion and seeking an extension of time pursuant to Rule 6(b) was made in good faith. An extension is warranted despite

9

the prejudice suffered by U.S. Steel.

Although U.S. Steel disagrees with the position asserted by Surfrider and Chicago that they are the prevailing parties in this matter, that issue was not fully briefed and therefore will not be addressed at this time. Surfrider and Chicago argue that parties like them (non-governmental parties who intervene in, or whose cases are consolidated into, governmental suits to enforce environmental laws) can be considered to be prevailing parties under current case law, but do not explain how they themselves are actually prevailing parties. That is, they do not address whether the relief they sought was awarded or how Surfrider and Chicago otherwise contributed to the ultimate relief granted. Similarly, U.S. Steel simply makes a blanket assertion that Surfrider and Chicago are not prevailing parties. In their forthcoming motion for fees the parties will need to fully brief the issue of whether Surfrider and Chicago prevailed by having the relief they sought in this case granted.

### III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT in part t**he Motion by Plaintiffs-Intervenors The Surfrider Foundation and the City of Chicago for Leave to File a Motion Under FRCP 54(D) (sic) for Fees and Costs [DE 118], **FIND** good cause and excusable neglect for Surfrider and Chicago's failure to file a 54(d) motion within fourteen days of the entry of the consent judgment in this case, and **ORDER** that Surfrider and Chicago shall have fourteen days to file a Petition for Fees pursuant to Federal Rule of Civil Procedure 54(d), U.S. Steel shall have fourteen days to file a response, and Surfrider and Chicago shall have seven days to file their reply.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C).

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 16th day of May, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record